| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:13-CR-112(1) |
| | § | |
| STEPHEN SHANE HALL | § | |

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred this matter to the United States Magistrate Judge Keith F. Giblin for consideration of the defendant Stephen Shane Hall's motion to suppress. Judge Giblin conducted a hearing and issued findings of fact and a report and recommendation on the motion. He recommended that the Court deny the motion to suppress.

The defendant objected to the report. Hall argues that Judge Giblin erred by failing to address the errors, mistakes and omissions regarding the search warrant at issue as a whole. Hall specifically contends that Judge Giblin did not properly consider that the confidential informant failed to convey certain information to the investigating officer, Lieutenant Strause. He also argues that Judge Giblin erred in his ruling on the manner in which Lieutenant Strause prepared the search warrant and the deficiencies that occurred as a result. Hall finally contends that the firearms discovered during the search should be excluded because they were found in a vehicle which did not belong to Hall. Hall therefore objects on the basis that these errors, taken as a whole, violate the Fourth Amendment and therefore require suppression of the evidence in the case against him.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(3), this Court conducted a *de novo* review of the record in this matter, including the transcript of the suppression hearing. The Court agrees with Judge Giblin's conclusions for the following reasons.

The magistrate judge addressed the defendant's argument regarding the confidential informant and held that the good faith exception to the exclusionary rule applied under *United States v. Leon*, 468 U.S. 897 (1984). The evidence presented also establishes the reliability of the confidential informant. Having considered the objections, the Court finds no reason to disturb Judge Giblin's findings on this issue.

Judge Giblin also addressed Hall's arguments regarding the execution of the search warrant. Lieutenant Strause's testimony shows that Strause did not act in bad faith. His testimony also addressed the errors alleged by Hall. This supports Judge Giblin's findings on this issue.

Finally, the report and recommendation discusses Hall's contentions about the seized items, including the methamphetamine and firearms. Judge Giblin concluded that these were properly seized under the scope of the search warrant and the plain view doctrine. *See United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005). Hall also filed a *pro se* letter with the Court in which he states that the residence at issue in the search warrant was actually being used as a boarding house and several of the rooms had been leased to renters. Hall contends that the search was improper because the renters in these individual rooms had their own expectation of privacy. The status of the property as a boarding house, however, is irrelevant. Search warrants are not directed at persons; they authorize the search of places and the seizure of things. *See Zurcher v. Stanford Daily*, 436 U.S. 447, 555 (1978). As a constitutional matter, the warrant need not even name the person from whom the things will be seized. *See id.* Hall's objections are misplaced.

The Court ORDERS that the defendant's objections (#88) to Judge Giblin's report and recommendation (#87) on the motion to suppress are OVERRULED. The magistrate judge's report (#87) is ADOPTED and the defendant's motion to suppress (#74) is DENIED.

**Signed this date.**
Jun 3, 2014

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE