**UNITED STATES DISTRICT COURT**  **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:13-CR-112-1 |
| | § | |
| STEPHEN SHANE HALL | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Stephen Shane Hall's ("Hall") Motion for Appointment of Counsel (#300), wherein he requests the appointment of counsel to assist him in filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I. <u>Background</u>

On July 2, 2014, a federal grand jury in the Eastern District of Texas returned a four-count Second Superseding Indictment charging Hall in Count One with conspiracy with intent to distribute and possess 50 grams or more of a Schedule II controlled substance, namely a mixture or substance containing a detectable amount of methamphetamine and "actual" methamphetamine, in violation of 21 U.S.C. § 846; in Count Two with possession with intent to distribute 50 grams or more of a Schedule II controlled substance, namely a mixture or substance containing a detectable amount of methamphetamine and "actual" methamphetamine, in violation of 21 U.S.C. § 841; in Count Three with using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and in Count Four with possessing a firearm as a prohibited person, in violation of 18 U.S.C. § 922(g)(1).

Following a four-day trial, a jury found Hall guilty as to Counts One, Two, and Four, and not guilty as to Count Three, of the Second Superseding Indictment. On February 17, 2015, the court sentenced Hall to life imprisonment as to each Count One and Two, and a term of 120 months' imprisonment as to Count Four, with all terms to run concurrently. Hall appealed his sentence, and the United States Court of Appeals for the Fifth Circuit affirmed his convictions (#285). The Supreme Court of the United States denied certiorari (#290). Hall also filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See* Case No. 1:17-cv-517. The court entered final judgment denying his § 2255 motion on March 3, 2021 (1:17-cv-517, #25). Hall appealed the court's decision, but the Fifth Circuit ultimately dismissed the appeal for want of prosecution. Hall is currently housed at United States Penitentiary Coleman II, located in Sumterville, Florida.

II.    Analysis

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."); *see Garza v. Idaho*, 586 U.S. 232, 245-46 (2019); *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991); *Albarran v. White*, No. 24-2758, 2025 WL 1625537, at *1 (9th Cir. June 9, 2025); *United States v. Jones*, No. 24-11675, 2025 WL 733234, at *2 (11th Cir. Mar. 7, 2025); *Pettis v. United States*, 129 F.4th 1057, 1063 (7th Cir. 2025) ("There is no constitutional right to counsel in postconviction proceedings."); *Tong v. Lumpkin*, 90 F.4th 857, 863 n.2 (5th Cir. 2024); *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) (finding that "every federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings"); *Whitaker*

2

*v. Collier*, 862 F.3d 490, 501 (5th Cir. 2017). Specifically, the Supreme Court of the United States has stated:

> Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals. We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

*Finley*, 481 U.S. at 555 (internal citations omitted).

The court may, however, in the interest of justice, appoint counsel to assist a defendant in the pursuit of post-conviction relief where a defendant has raised nonfrivolous claims with factually and/or legally complex issues. *United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023); *see United States v. Garza*, No. 24-40425, 2025 WL 429978, at *1 (5th Cir. Feb. 7, 2025); *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) ("After [a defendant's first appeal], the decision whether to appoint counsel rests in the discretion of the district court.").

> The exercise of discretion in this area is guided . . . by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*United States v. Molina-Flores*, No. 3:16-CR-130-N (19), 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018) (quoting *Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012)); *see Scoggins v. MacEachern*, No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.'

The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986))).

Hall is not entitled to the appointment of counsel to assist him with seeking compassionate release under 18 U.S.C. § 3582. *See Finley*, 481 U.S. at 555; *Whitebird*, 55 F.3d at 1010-11 (declining to recognize constitutional or statutory right to assistance of counsel in bringing § 3582(c)(2) motion for sentence reduction); *United States v. Vasquez*, No. CR 2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("There is no right to counsel in § 3582 or other post-appellate criminal proceedings."). Moreover, although Hall notes that he has no "formal legal training," he does not provide a sufficient basis for the court to conclude that the appointment of counsel would benefit him or the court in addressing his request. A motion "for compassionate release is not particularly complex factually or legally." *United States v. Drayton*, No. 10-200018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020); *see Diaz*, 2023 WL 1879404, at *3; *United States v. Wilfred*, No. 07-351, 2020 WL 4698993, at *1 (E.D. La. Aug. 13, 2020). Nor does Hall identify any claims or any factually or legally complex issues that could arguably justify the appointment of post-conviction counsel. Hall is 51 years old, obtained a General Educational Development ("GED") certificate in 1995, and there is no indication that he is terminally ill, disabled, or otherwise a candidate for compassionate release. Thus, the court finds that the discretionary appointment of counsel is not warranted. *See* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"); *Diaz*, 2023 WL 1879404, at *3 ("In other words, the 'interest of

4

justice' does not require the appointment of counsel in this case."). Accordingly, Hall's motion for appointment of counsel is denied.

III.    <u>Conclusion</u>

In accordance with the foregoing, Hall's Motion for Appointment of Counsel (#300) is DENIED.

SIGNED at Beaumont, Texas, this 9th day of February, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

5